STATE BANK OF OHIO *v.* JAMES H. OLIVER, ET AL.

1. An allegation in a petition that the defendant debtor has "no goods," is not sufficient to maintain an action under section 458 of the code, where the creditor seeks to subject, to the payment of his judgment, moneys owing to the debtor; the code allows such action when the judgment debtor has not *personal* or *real* property sufficient to satisfy the judgment.
2. It is a fundamental rule of all pleading that all averments shall be direct and positive: the accompanying affidavit of verification may be made on belief, but the averments of the pleading should be positive statements of facts.

SPECIAL TERM.—On general demurrer to the petition, on behalf of Joseph Cox, one of the defendants.

The allegations of the petition are sufficiently stated in the decision.

*Taft, Key & Perry,* for plaintiff.

*Joseph Cox,* for defendant.

SPENCER, J. The petition avers that plaintiff obtained judgment against Lewis & Oliver for the sum of $392 and costs, at February term of this court, upon which an execution has been issued and returned, "no goods." That the plaintiff believes the defendant, Cox, has money of one or the other of the defendants in his possession, which ought to be applied in payment of the judgment, and which he unjustly withholds; plaintiff, therefore, asks judgment that Cox may pay to plaintiff the money, or as much as may be necessary to satisfy their judgment and costs.

To this petition Cox demurs generally.

The only warrant for such an action, is section 458 of the code, which provides that "when a judgment debtor has not personal or real property subject to levy, on execution, sufficient to satisfy the judgment, any equitable interest which he may have in lands, etc., or any money, etc., which he may have in the possession of any person, etc., shall be subject to the payment of such judgment, by action."

To sustain such an action, it must appear in the petition that the judgment debtor has no property, real or personal, subject to execution. There is no such averment in this petition, but simply an averment that, upon an execution issued, a return has been made of "no goods;" *non constat*, but there may be lands subject to execution, and it should have been shown on the execution and averred in the petition that there were none. I suppose, that, under this section of the code, as under the old law, an averment that an execution has been issued, and returned no goods, chattels, lands, or tenements, or no property, real or personal, found whereon to levy, would be equivalent to an averment that the defendant had no property, real or personal, whereon to levy.

I may take occasion to say, that this petition contains another defect, quite common in pleadings now-a-days, and which ought to be corrected—i. e. its averments, so far as they go to charge the defendant, Cox, are not positive, but made on belief only. The averment is, "that plaintiff believes that

Cox has money," etc. Now it is a fundamental rule of pleading, not altered by the code, that all averments shall be direct and positive. If the plaintiff believes the fact to be as stated, let him aver it so to be. His affidavit verifying the petition expresses only belief of the truth of the matters therein averred. So if the plaintiff may set forth his belief for the fact, the defendant may answer by putting in his belief for the fact, and, instead of denying, positively, that he has moneys belonging to the judgment debtor, may say he believes he has not, etc., and a jury, or court, in passing upon the issue thus made up, would find only the belief of the parties.

Pleadings must be so drawn as to present issues of fact, or law; not matters of belief. The demurrer, for this, as well as upon the other ground, must be sustained.